IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BARRETT B. DALY and** | § | |
| **DENA FAIR JACKSON DALY** | § | **PLAINTIFFS** |
| | § | |
| **v.** | § | **CAUSE NO. 1:06CV663** |
| | § | |
| **BANK ONE, ET AL.** | § | **DEFENDANTS** |

**ORDER GRANTING SOUTHERN CREDIT RECOVERY,
INC.'S MOTION FOR ATTORNEYS' FEES**

THE MATTER BEFORE THE COURT is the Motion for Attorneys' Fees [29] filed by Southern Credit Recovery, Inc. ("Southern Credit"). Plaintiffs filed a Fair Credit Reporting Act claim against Southern Credit, which now seeks recovery of its attorneys' fees pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b). Under these sections of the Fair Credit Reporting Act, a prevailing party may recover its attorney's fees in the event that the court finds that "an unsuccessful pleading, motion, or other paper . . . was filed in bad faith or for purposes of harassment." *Id.*

Southern Credit Recovery, Inc. provides an affidavit stating that Plaintiffs first sued it for improperly imposing charges that Southern Credit never imposed.[1] Plaintiffs then amended their complaint to allege that Southern Credit had submitted false information to the national credit bureaus, a claim Plaintiffs did not substantiate with any evidence after Southern Credit filed a motion for summary judgment. *See* Memorandum Opinion and Order dated December 15, 2006 (docket entry 27). Just as Plaintiffs did not respond to the summary judgment motion, they have not responded to this motion for award of attorney fees. Southern Credit informs the Court that it requested information about what aspect of its reporting Plaintiffs alleged was inaccurate, but Plaintiffs did not respond in a helpful manner. Further, Plaintiffs did not respond to Southern

---

[1] The Court notes that Plaintiffs, Barrett Daly and Dena Daly, are represented by Barrett Daly, who is an attorney in New Orleans, Louisiana.

Credit's attempts to conduct an attorney conference as required by the Court's Rule 16.1(A) Initial Order. The Court finds that Southern Credit has shown bad faith on the part of Plaintiffs in filing and maintaining this suit against Southern Credit. Because Southern Credit is the prevailing party as to Plaintiffs' Fair Credit Reporting Act claim, it is entitled to be reimbursed reasonable attorneys' fees it has incurred in defending this action.

Determination of reasonable attorneys' fees is a two-step process that begins with determination of the lodestar amount. First, the Court calculates a lodestar by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. The district court may then decrease or enhance the lodestar based on the following twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.

*Heidtman v. County of El Paso,* 171 F.3d 1038, 1043 & n. 5 (5th Cir. 1999) (quoting *Johnson v. Georgia Hwy. Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974)) (additional citations omitted). The United States Supreme Court subsequently barred any use of the sixth factor. *See Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 772 (5th Cir. 1996) (citing *City of Burlington v. Dague,* 505 U.S. 557, 567 (1992)). In addition, three of the *Johnson* factors, complexity of the issues, results obtained and preclusion of other employment, are fully reflected and subsumed in the lodestar amount. *Heidtman,* 171 F.3d at 1043. "[T]he court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998) (citation omitted). The lodestar is presumptively reasonable and should be modified only in exceptional cases. *Watkins,* 7 F.3d at 457. The fee-seeker must submit adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill, while

the party seeking reduction of the lodestar must show that a reduction is warranted. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 329 (5th Cir. 1995).

Southern Credit's affidavit states that partner Christine Lipsey's standard rate charged in this matter was $250.00, and associate Lauren Smith's standard rate was $165.00, both of which are fair and customary rates for the type of work done in this case and in this area of the country. Examining the detailed invoices attached to the affidavit, the Court calculates 30.3 hours expended by Christine Lipsey and 31.8 hours expended by Lauren Smith. Thus, the lodestar in this case is ($250 x 30.3) + ($165 x 31.8) = $12,822.00. The hours expended by the attorneys was reasonable in relation to the work required in defending Southern Credit against Plaintiffs' completely unsubstantiated claims. Furthermore, the Court finds no basis for reducing or enhancing the lodestar. Accordingly, Southern Credit will be awarded attorneys' fees in the amount of $12,822.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681n(c) and 1681o(b).

**IT IS THEREFORE ORDERED AND ADJUDGED** that Southern Credit Recovery, Inc.'s Motion for Attorneys' Fees is **GRANTED**. Southern Credit Recovery, Inc. is awarded and shall recover of Plaintiffs $12,822.00 in attorneys' fees.

**SO ORDERED AND ADJUDGED** this the 12th day of June, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE